IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>TRIBUNE COMPANY, *et al.*,<br><br>　　　　　　　　　Debtors.<br><br>―――――――――――――――――<br><br>LAW DEBENTURE TRUST COMPANY OF NEW YORK, AND DEUTSCHE BANK TRUST COMPANY AMERICAS,<br><br>　　　　　　　　　Appellants,<br>　v.<br><br>TRIBUNE COMPANY, *et al.*,<br><br>　　　　　　　　　Appellees. | Chapter 11<br>Bankruptcy Case No. 08-13141 (KJC)<br>Jointly Administered<br><br><br><br><br>Case No. 12-cv-128 GMS<br>Case No. 12-mc-108 GMS<br>Case No. 12-cv-1072 GMS<br>Case No. 12-cv-1073 GMS<br>Case No. 12-cv-1100 GMS<br>Case No. 12-cv-1106 GMS<br>CONSOLIDATED APPEALS |

**STATEMENT REGARDING ORAL ARGUMENT BY APPELLANTS
LAW DEBENTURE TRUST COMPANY OF NEW YORK AND
<u>DEUTSCHE BANK TRUST COMPANY AMERICAS</u>**

Pursuant to Rule 8019(a) of the Federal Rules of Bankruptcy Procedure, Appellants Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas (together, the "Trustees") respectfully advise the Court that oral argument in this appeal would aid the decisional process. This appeal presents two substantial questions of statutory interpretation, and two substantial questions of contractual interpretation. Rule 8019(b)'s "[p]resumption of oral argument" squarely applies to this case, which was fully briefed as of March 28, 2016.

*First*, this appeal involves two important issues of statutory interpretation concerning how Section 1129(b)(1) of the Bankruptcy Code applies to a Chapter 11 reorganization plan

proposed for confirmation over the objection of a dissenting class of creditors. As an initial matter, the bankruptcy court held that Section 1129(b)(1) makes subordination agreements *unenforceable* whenever a class of creditors has objected to a reorganization plan—even though Section 510(a) of the Bankruptcy Code makes subordination agreements enforceable in all bankruptcy cases. The Trustees contend that this was a plain misreading of Section 1129(b)(1), which instead provides that its prohibition on unfair discrimination against a dissenting class of creditors is to be applied "[n]otwithstanding Section 510(a)"—that is, without prevention or obstruction by the *enforcement* of subordination agreements that might *require* disparate treatment among otherwise similarly situated creditors. Moreover, the bankruptcy court held that, under Section 1129(b)(1), a dissenting creditor class cannot establish a rebuttable presumption of unfair discrimination against it by comparing its recovery from the estate to the recovery obtained by a favored creditor class of equal rank. The Trustees contend that this conclusion is contrary to every unfair-discrimination case to have applied the rebuttable-presumption standard.

The Court's conclusion on these two questions will have a substantial effect not only on the parties at issue in this case—where there is $30 million at stake—but also on the Chapter 11 confirmation process in this District. Moreover, it will affect the extent to which parties nationwide invest capital in Delaware companies in reliance on subordination agreements intended to benefit them in a bankruptcy, and whether the creditors of Delaware corporations are afforded a meaningful opportunity to challenge unfair discrimination against under a Chapter 11 reorganization plan. These are important and substantial matters of statutory interpretation, and their oral argument by the parties would assist the Court in reaching its decision.

*Second*, this appeal presents two related questions asking whether an early-termination charge on three of Tribune's interest-rate swaps (the "Swap Claim") is "Senior Indebtedness" or a "Senior Obligation" benefitting from each of two subordination agreements. Answering those questions requires interpreting the two agreements. According to Tribune, it also requires interpreting extrinsic evidence from a Credit Agreement, a Guarantee Agreement, each of the three swap confirmations, and a 1992 Master ISDA Agreement. These and other documents were examined over the course of a two-day hearing in the bankruptcy court, and they make up part of a substantial record. We respectfully submit that oral argument will aid the Court in navigating those documents and the parties' corresponding arguments.

In conclusion, Rule 8019(b) establishes a "[p]resumption of oral argument" in bankruptcy appeals and provides that "[o]ral argument must be allowed in every case unless the district judge . . . examine[s] the briefs and record and determine[s] that oral argument is unnecessary because (1) the appeal is frivolous; (2) the dispositive issues or issue have been authoritatively decided; or (3) the facts and legal argument are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." We respectfully submit that oral argument in this appeal would significantly aid the Court's decisional process. Moreover, the issues on appeal are neither frivolous not foreclosed by precedent. To the contrary, affirmance of the bankruptcy court's decision would mark a substantial departure from the statute's text and purpose, and would violate long-settled canons of contract interpretation.

Dated: April 4, 2016

                                              Respectfully Submitted:

                                              /s/ Garvan F. McDaniel

| | |
|---|---|
| Roy T. Englert, Jr. | Garvan F. McDaniel (I.D. No. 4167) |
| Mark T. Stancil | HOGAN♦McDANIEL |
| Matthew M. Madden | 1311 Delaware Avenue |
| ROBBINS, RUSSELL, ENGLERT, ORSECK, | Wilmington, Delaware 19806 |
|     UNTEREINER & SAUBER LLP | (302) 656-7540 |
| 1801 K St., N.W., Suite 411-L | |
| Washington, D.C. 20006 | |
| (202) 775-4500 | |

*Attorneys for Law Debenture Trust Company of New York*

                                              /s/ Katharine L. Mayer

| | |
|---|---|
| David J. Adler | Katharine L. Mayer (I.D. No. 3758) |
| MCCARTER & ENGLISH, LLP | MCCARTER & ENGLISH, LLP |
| 245 Park Avenue | Renaissance Centre |
| New York, N.Y. 10167 | 405 N. King St. |
| (212) 609-6800 | Wilmington, DE 19801 |
| | (302) 984-6300 |

*Attorneys for Deutsche Bank Trust Company Americas*